2026 IL App (1st) 241606-U
No. 1-24-1606
Order filed August 14, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 89 CR 11750 01 |
| | ) | |
| DEDRICK COLEMAN, | ) | The Honorable |
| | ) | Angela Munari Petrone, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justice Pucinski and Justice Gamrath concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held*:   Vacated and cause remanded with directions where circuit court failed to rule on a timely motion to amend before denying leave to file a successive petition.

¶ 2    Dedrick Coleman sought leave to file a third successive postconviction petition; however, his claims of constitutional deprivation are not at issue in this appeal. The issue is whether the circuit court ruled on a motion for leave to amend before denying leave to file. We find the court erred by denying leave to file a successive petition before ruling on a timely motion to amend.

¶ 3     We vacate the order denying leave to file and remand for a ruling Coleman's motion for leave to amend. We take no position on the merits of the motions.

¶ 4                                    Background

¶ 5     We discuss only those facts necessary to our decision.

¶ 6     About 12 years after filing his first successive petition, Coleman sought leave to file a second successive petition. This court affirmed its denial in 2023. *People v. Coleman*, 2023 IL App (1st) 210263, ¶¶ 38-39. Before we issued the mandate, Coleman sought leave to file a third successive petition.

¶ 7     From July 2023 to December 2023, he mailed documents styled: (i) "Petition to Vacate and Void Judgment Pursuant to the Code of Civil Procedure," (ii) "Motion for leave to file a petition for successive post-conviction pursuant to 725 ILCS 5/122-1(f)," (iii) Motion for Judgment of Default," (iv) "Motion for Summary Judgment," and (v) a letter to the clerk requesting the status of these filings.

¶ 8     On January 16, 2024, the circuit court addressed each filing and denied Coleman relief. (The denial of "Petition to Vacate and Void Judgment Pursuant to the Code of Civil Procedure" involves a separate appeal, no. 1-24-1040.) The court also imposed costs and fees. See 705 ILCS 105/27.9 (2022) ("Frivolous lawsuits filed by prisoners").

¶ 9     Three days later, the circuit court took notice of a filing that arrived after its ruling: "Motion for Leave to File Notice of Error and Correction in Pleadings." The court determined the filing "does not change [its] ruling."

¶ 10    Another filing arrived about a week later: "Motion for Leave to Amend Pending Motion for Leave to File a Petition for Successive Post-Conviction Pursuant to 725 ILCS 5/122-5." The

motion appended exhibits and contained a lengthy argument that counsel for Coleman's second successive petition provided unreasonable assistance. A notarized notice and proof of service states that Coleman's wife delivered the motion to the United States Postal Service on January 10, 2024. The clerk of the circuit court stamped that motion "received" on January 22, 2024, and "filed" on January 23, 2024. The record contains a docket sheet entry or January 23, 2024, describing this motion for leave to amend as a "[p]etition for post-conviction relief."

¶ 11    After learning the circuit court denied leave to file a third time, Coleman pursued several other routes to relief. He mailed documents styled: (i) "Motion for Substitution of Judge," (ii) "Motion – For Leave to File Petition for Rehearing And/or Stay or Recall Mandate Pursuant to Illinois Supreme Court Rule 368(c)," (iii) "Motion for Extension of Time for Filing Plaintiff's Motion for Rehearing," (iv) "Motion for Rehearing Pursuant to the Code of Civil Procedure," and (v) a letter to the clerk requesting the status of his filings.

¶ 12    The circuit court denied all these filings, except the "Motion for Substitution of Judge," on which it did not rule.

¶ 13    When denying these filings, the circuit court summarized the rehearing motion as arguing that the court erred by not permitting Coleman to be present in court when filing his motions. ("Defendant's request for rehearing and/or recall mandate contends the failure of this court to bring him physically to court when he makes pro se filings is 'a possible ploy' by this court that 'demonstrates deep prejudice towards him' because this court 'knows that if Mr. Coleman file Notice of Appeal it would put [the circuit court] out of jurisdiction for having to preside over his cognizable Section 122-5 motion.'")

¶ 14    The record establishes that the rehearing motion raises many issues. And pertinent here, one paragraph focuses on the circuit court's failure to rule on Coleman's motion for leave to amend: "[The] pending motion for leave to amend motion for leave to file a petition for successive post-conviction [relief]…is protected by the mailbox rule."

¶ 15    After the circuit court denied these filings, Coleman moved for a hearing to address three filings. ("Motion to Call the Section 114-5(a), Motion; the Section 122-5 Motion, and the Ill. S. Ct. Rule 368(c) Motion for Hearing Pursuant to Circuit Court of Cook County Rule 2.3"). He contended in part that the court had yet to address the motion for leave to amend.

¶ 16    The circuit denied the request for a hearing on any of the motions, finding: "He asks for a hearing as soon as possible without delay on this motion. His latest *pro se* filing is dismissed. He does not state a legal basis in law or in fact." Coleman received notice of the dismissal.

¶ 17    This court granted Coleman leave to file a late notice of appeal.

¶ 18                                Analysis

¶ 19    Coleman sought leave under the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2022)) to file a successive petition. The Act contemplates the filing of one petition by right and successive petitions with leave of court. *Id.* § 122-1(f).

¶ 20    With an eye toward fairness, the circuit court should generally permit petitioners to amend their pleadings. Under the Act, "[t]he court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." *Id.* § 122-5. In turn, section 2-616(a) of the Code of Civil Procedure (735 ILCS 5/2-616(a) (West 2022)), authorizes amendments "on just and reasonable terms" and "any time before final judgment." Thus, this court has stressed that the circuit court should "liberally grant[]" leave to

amend before final judgment. See *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 13 (noting, "under normal circumstances leave to amend should be liberally granted"); *People v. Brown*, 336 Ill. App. 3d 711, 716 (2002) (similar).

¶ 21 We review rulings on motions for leave to amend for an abuse of discretion. *People v. Harris*, 224 Ill. 2d 115, 123 (2007). Failing to rule on a timely motion may be reversible error. *People v. Autman*, 58 Ill. 2d 171, 176 (1974).

¶ 22                                                 *Coleman Timely Moved for Leave to Amend*

¶ 23 Coleman first contends that he moved for leave to amend before the circuit court entered a final judgment denying him leave to file a successive petition. We agree, and the State does not dispute the timeliness of Coleman's motion for leave to amend. See Ill. S. Ct. R. 341(h)(7), (i) (eff. Oct. 1, 2020) (argument "shall contain the contentions *** and the reasons therefor, with citation of the authorities," and "[p]oints not argued are forfeited"). We honor the State's forfeiture of its argument on timeliness. See generally *Vancura v. Katris*, 238 Ill. 2d 352, 369-73 (2010) (holding point not argued is forfeited).

¶ 24 Thus, regarding timeliness, Coleman timely moved for leave to amend one day before the circuit court's order denying him leave to file. See *People v. Tlatenchi*, 391 Ill. App. 3d 705, 710 (2009) (explaining when date of service acts as date of filing).

¶ 25                                                 *Inference that Court Implicitly denied Coleman's Motion*

¶ 26 The parties agree the circuit court did not expressly rule on the motion for leave to amend. Given the procedural history and the volume of filings, it is understandable how the pending motion could have been overlooked. The State insists that the circuit court was "aware" of the motion, and that its other rulings permit us to infer that it implicitly denied the motion.

¶ 27    That inference has a problem. The circuit clerk received the motion on January 22, 2024, and stamped it as filed on January 23, 2024. That same day, a docket-sheet entry notes: "Post-conviction petition filed."

¶ 28    The record suggests that the clerk's office (mistakenly) characterized Coleman's motion as a new petition. The author of the entry appears under the heading "Judge," and the name under that heading is "Clerk's Office." Still, as Coleman notes, the circuit court also described the motion as a petition on February 1, 2024, announcing it had received "another" petition, one that was "more lengthy" and needed review.

¶ 29    The results of that review are not in the record, although the circuit court described collecting a "pile" of "filings" since the January 16, 2024, ruling. The court also announced that it would rule on the filings "all together." That promised ruling identified and denied "multiple pro se filings from February 16, 2024, to March 22[], 2024." Thus, as Coleman demonstrates, the ruling excluded his motion for leave to amend, which the circuit clerk had stamped as filed on January 23, 2024.

¶ 30    The circuit court's apparent failure to address the motion contrasts with its January 19, 2024, ruling. The record shows the circuit court *sua sponte* reconsidered part of its January 16, 2024, ruling on the "Motion for Summary Judgment" after receiving Coleman's "Motion for Leave to File Notice of Error and Correction in Pleadings" on January 17, 2024. The court determined that filing "d[id] not change [the] ruling."

¶ 31    The circuit court's apparent failure to address the motion for leave to amend also suggests it viewed the motion as a separate matter altogether—perhaps, like the mistaken impression of the clerk's office, as a new motion for leave to file a successive post-conviction petition. This helps

explain the circuit court's subsequent rulings, which undermine any reasonable inference that it was addressing the motion for leave to amend on its own terms.

¶ 32     For example, the circuit court summarized Coleman's motion to reconsider as arguing only that the court erred by not permitting him to be present in court when filing his motions: "[Coleman] contends the failure of this court to bring him physically to court when he makes pro se filings is 'a possible ploy' by this court that 'demonstrates deep prejudice towards him[,]'" Yet Coleman had also argued that the court erred by never ruling on his motion for leave to amend: "[The] pending motion for leave to amend motion for leave to file a petition for successive postconviction [relief]…is protected by the mailbox rule."

¶ 33     If the circuit court mistakenly understood the motion for leave to amend to be another successive postconviction petition, then that petition's timeliness need not be ruled on, and the rehearing motion's reference to timeliness would not be relevant.

¶ 34     Likewise, the circuit court's misunderstanding would explain the final ruling on Coleman's motion for a hearing. Under that view, no "basis in law or fact" would support the automatic grant of a hearing on a successive postconviction petition. See generally 725 ILCS 5/122-1(f) (denying petitioner ability to file successive petition absent "leave of court").

¶ 35     The State avoids analyzing the claims in Coleman's filings and the reasons underlying the rulings. Instead, it stresses that the circuit court "indicated its intention to dispose of all [Coleman's] pending motions and filings[.]" The State cites *Harris*, where the supreme court held that the circuit court need not expressly rule on boilerplate requests in a prayer for relief when summarily dismissing an initial petition. *People v. Harri*s, 224 Ill. 2d 115, 139-40 (2007). Likewise, the State cites *Chester*, where this court held that the circuit court need not expressly

rule on a motion seeking leave to amend a petition with "unspecified unconstitutional arguments" when summarily dismissing an initial petition. *People v. Chester*, 2014 IL App (4th) 120564, ¶¶ 1, 23-26.

¶ 36     Unlike *Chester* and *Harris*, Coleman presented a lengthy motion appending exhibits and containing an argument that prior counsel provided unreasonable assistance. And unlike *Harris* and *Chester*, the record indicates that the circuit court misapprehended the nature of Coleman's motion for leave to amend (misconstruing it as a new petition) and overlooked Coleman's specific request in rehearing for the court to rule on his motion for leave to amend (focusing only on Coleman's request to be present in court). Doing so was error. See, *e.g.*, *Calamari v. Drammis*, 286 Ill. App. 3d 420, 435 (1997) (finding no error where court gave pertinent reason to deny motion for leave to amend though failed to deny motion expressly).

¶ 37     More apt is *Merriweather*, which Coleman cites but the State does not discuss. In pertinent part, a petitioner sought leave to file a successive petition raising a claim of actual innocence. *People v. Merriweather*, 2017 IL App (4th) 150407, ¶ 26. The petitioner later moved to supplement the petition with an additional affidavit. *Merriweather*, 2017 IL App (4th) 150407, ¶ 26. But when the circuit court denied leave to file, it failed to mention this new affidavit. *Id.* We found that failure to rule on the motion to supplement was error. *Id.*

¶ 38     Similar to what occurred in *Merriweather*, the circuit court was unaware of Coleman's actual request (seeking leave to amend his petition) when ruling. As Coleman contends, the court (i) lacked possession of the motion during its first ruling, (ii) excluded the motion from its second ruling; and (iii) offered no pertinent reason for denying it during its third ruling.

¶ 39　　Under these circumstances, like *Merriweather*, we find that the circuit court remains in the best position to evaluate the merits of Coleman's motion for leave to amend. *Id.* ¶ 28. We reject the State's request that we repeat the circuit court's error by directing the court on remand "to treat defendant's motion for leave to amend as a discrete motion for leave to file a successive post-conviction petition." The proper remedy is to vacate the order denying leave to file and to remand for a ruling on the motion for leave to amend. *Id.*; see also Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (stating reviewing court may, in its discretion, remand case as may be required).

¶ 40　　Vacated; cause remanded with directions.